# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALIASGHAR HEMMAT,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ANTONY J. BLINKEN,** *et al.*, <br><br> Defendants. | Civil Action No. 23-2085 (TSC) |

## MEMORANDUM OPINION

Plaintiffs Aliasghar Hemmat and his spouse Afsar Assadiazarbayjani are Iranian nationals seeking to enter the United States on immigrant visas.  They have sued Antony J. Blinken, U.S. Secretary of State; Rena Bitter, Assistant Secretary for Consular Affairs; and Stephanie Zakhem, Consul General of the U.S. Embassy in Yerevan, Armenia.  Plaintiffs allege that Defendants have unreasonably delayed the adjudication of their visa applications and seek relief under the Administrative Procedure Act ("APA") and Mandamus Act.  Am. Compl., ECF No. 3.  Defendants have moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Mot. to Dismiss, ECF No. 7 ("MTD").  For the reasons set forth below, the court will GRANT Defendants' Motion and dismiss this action.

## I.        BACKGROUND

The Immigration and Nationality Act ("INA") governs the issuance of visas to foreign nationals seeking to enter the United States on a permanent ("immigrant") or temporary ("nonimmigrant") basis.  8 U.S.C. § 1101 *et seq.*  Within that framework, the "EB-1" nonimmigrant visa category allows foreign nationals with "extraordinary ability in the sciences, arts, education, business, or athletics" to seek entry to the United States "to continue work in the

area of extraordinary ability."  8 U.S.C. § 1153(b)(1)(A).  An applicant must first file an I-140

Immigrant Petition for Alien Worker with U.S. Citizenship and Immigration Services.  8 C.F.R.

§ 204.5(h)(3).  If the I-140 petition is approved, the applicant can submit a visa application,

which typically includes an in-person interview at the local embassy or consulate.  *See* 8 U.S.C.

§§ 1201, 1202.  Once the application is complete, a consular officer "must issue the visa, refuse

the visa[,] . . . or . . . discontinue granting the visa."  22 C.F.R. § 42.81(a).  A successful

applicant may be accompanied by their spouse and/or children.  8 U.S.C. § 1153(d).

According to the Amended Complaint, Plaintiff Hemmat's I-140 was approved in

October 2021, and he completed the application and interview process in May 2023.  Am.

Compl. ¶¶ 84–105.  Following the interview, the application was "refused" and "Plaintiffs were

informed that their applications were subject to mandatory administrative processing," including

the submission of additional documents.  *Id.* ¶¶ 106, 121.  A visa refusal

> means the consular officer determined that the applicant was not eligible for a visa
> after completing and executing the visa application and any required interview.  It
> is possible that a consular officer will reconsider a visa application refused . . . at a
> later date, based on additional information or upon the resolution of administrative
> processing, and determine that the applicant is eligible.  When a consular officer
> refuses a case . . . , she or he will convey to the applicant whether the applicant is
> required to provide any further documentation or information, or whether the case
> requires additional administrative processing.

*Administrative Processing Information*, U.S. Dep't of State.[1]  Plaintiffs "promptly completed and

submitted" their follow-up paperwork, but have not received any further updates.  Am. Compl.

¶¶ 116, 119.

---

[1] *Available at* https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html [https://perma.cc/2WS5-5RGV].  Courts in this jurisdiction have frequently taken "judicial notice of information posted on official public websites of government agencies."  *Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016).

Plaintiffs challenge the delay in further adjudication under the APA, 5 U.S.C. § 706(1)–(2), and the Mandamus Act, 28 U.S.C. § 1361. *Id.* ¶¶ 143–201. The court addresses both claims jointly because "in cases challenging agency delay, 'the standards for obtaining relief' under the Mandamus Act and the APA are 'essentially the same.'" *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 17 (D.D.C. 2022) (quoting *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010)). "The central question in evaluating a claim of unreasonable delay is whether the agency's delay is so egregious as to warrant mandamus." *Id.* (quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). Plaintiffs seek an order "compelling the Defendants and those acting under them to . . . adjudicate [the] immigrant visa application, within thirty (30) days." Am. Compl. at 34.

Defendants make four arguments for dismissal. First, that the Secretary of State and Assistant Secretary for Consular Affairs are improper defendants because neither "can favorably adjudicate an application for a visa." MTD at 5. Second, that challenges to the refusal of visa applications are barred by the consular nonreviewability doctrine. *Id.* at 6–10. Third, that Plaintiffs' claims cannot succeed because there is no "clear, non-discretionary duty requiring a consular officer to adjudicate, let alone re-adjudicate, any specific visa application." *Id.* at 10; *see id.* at 10–17. And fourth, that the alleged delay here is not unreasonable. *Id.* at 17–26.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must establish that the court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In evaluating such motions, courts "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v.*

*Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, the court may consider "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  But as with a 12(b)(1) motion, courts "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted).  That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  And a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quotations omitted).

### III.    ANALYSIS

Plaintiffs have not named improper defendants.  But because they have not alleged "that an agency failed to take a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted), their Complaint must be dismissed. Accordingly, the court need not decide whether consular nonreviewability applies in this case.

### A.  <u>Improper defendants</u>

The Secretary of State and Assistant Secretary for Consular Affairs are proper defendants.  The redressability requirement of standing turns on "whether the relief sought,

assuming that the court chooses to grant it, will likely alleviate the particularized injury alleged by the plaintiff." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663–64 (D.C. Cir. 1996). Defendants argue that "action on specific Visa Applications . . . is the exclusive province of a U.S. consulate." MTD at 5. And it is true that the INA "grants consular officers 'exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations.'" *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999)).

"Control over a consular officer's visa *determinations*—that is, her decisions to 'grant, deny, or revoke immigrant and non-immigrant visas,'" however, "is not the same as control over the *timing* by which the consular officer considers the applications presented to her." *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 10 (D.D.C. 2022) (quoting *Saavedra Bruno*, 197 F.3d at 1156) (formatting modified). Plaintiffs do not seek to compel a particular decision on their applications; only to compel that they be decided soon. *See* Am. Compl. at 33–34. And Defendants do not contend that either Defendant lacks authority to "direct[] consular officers 'to conclude . . . matter[s] presented to [them]' 'within a reasonable time,'" nor have they identified any authority supporting such a defense. *Al-Gharawy*, 617 F. Supp. 3d at 10 (quoting 5 U.S.C. § 555(b)). Accordingly, the Secretary and Assistant Secretary need not be dismissed on these grounds.

## B.  Consular nonreviewability

Defendants also move to dismiss this case under the consular nonreviewability doctrine, which "shields a consular official's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao*, 985 F.3d at 1024. Defendants argue that a consular officer's "refusal" of a visa application always constitutes a nonreviewable "withholding of a visa." MTD at 7. However, several courts in this district have rejected that

argument, concluding that such "refusal" may be reviewable where it appears to be "merely provisional, with a final decision yet to come"—*e.g.*, because "administrative processing" remains ongoing.  *Al-Gharawy*, 617 F. Supp. 3d at 16; *see also Akrayi v. United States Dep't of State*, No. 22-CV-1289, 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023).  That is the status Plaintiffs allege here:  Their application were "placed in administrative processing, where they have remained indefinitely."  Am. Compl. ¶ 12.

The court need not decide this issue.  "Dismissal based on consular nonreviewability . . . is a merits disposition under Federal Rule of Civil Procedure 12(b)(6)."  *Baan Rao*, 985 F.3d at 1027.  And because the court concludes that there are independent reasons to dismiss Plaintiff's claims, *see infra* Section III.C., it need not decide whether consular nonreviewability applies, *see Almaqrami v. Pompeo*, 933 F.3d 774, 784 n.3 (D.C. Cir. 2019) ("[C]ourts may assume without deciding that plaintiffs' statutory claims are reviewable and proceed to the merits notwithstanding consular nonreviewability." (internal quotation omitted)); *Zandieh v. Pompeo*, No. CV 20-919, 2020 WL 4346915, at *4 (D.D.C. July 29, 2020) ("[B]ecause it finds that the delay asserted here is not unreasonable," the court "need not decide whether plaintiffs' claims are reviewable." (internal quotation omitted)).

## C.  Unreasonable delay

Recent D.C. Circuit precedent forecloses Plaintiffs' claims under both the Mandamus Act and the APA.  In *Karimova v. Abate*, as here, the plaintiff had been interviewed for a visa, but her application had been "refused" and "placed . . . in administrative processing."  *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024).  The plaintiff likewise claimed that the subsequent delay was unlawful and, "[i]nvoking both the Administrative Procedure Act and the Mandamus Act," she "asked the court to 'compel' the consular officer to perform her duty to finally adjudicate her visa."  *Id.* at *2.  The Circuit refused to grant that relief because the

plaintiff had "not identified any law 'plainly prescrib[ing]' that the consular officer not put an officially refused visa application in administrative processing," a required element of a claim under the Mandamus Act or APA § 706.  *Id.* at *3 (quoting *Interstate Commerce Comm. v. New York, N.H. & H.R. Co.*, 287 U.S. 178, 204 (1932)).

In so holding, the Circuit specifically rebuffed the plaintiff's reliance on APA § 555(b), which provides that "each agency shall proceed to conclude a matter presented to it" "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time."  The Circuit reasoned that the plaintiff's "'matter' ha[d] already been 'conclude[d]'" when the consular officer refused her application.  2024 WL 3517852, at *4. Thus, "Section 555(b) *at most* could have entitled her to the official refusal decision she already received" and "does not in any way dictate how the agency can handle her rejected paperwork after" refusal.  *Id.*

The *Karimova* decision is fatal to Plaintiffs' claim of unreasonable delay.  They, too, rely primarily on APA § 555(b) as establishing the "mandatory duty" framing the relief they seek under the Mandamus Act and APA.  *See* Am. Compl. ¶ 52; Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 18, ECF No. 8.  But *Karimova* squarely rejected that argument, and this court is bound by that holding.  Because refusal concludes the matter presented by a visa application, Section 555(b) does not establish a duty to take the action that Plaintiffs claim has been unreasonably delayed—further adjudicating the refused visa applications.

Plaintiffs' other attempts to identify a source for the duty they claim do not succeed, either.  Laws and regulations requiring consular officers "properly and promptly" process visa applications, making a decision to "issue" or "refuse" them when completed, 8 U.S.C. § 1201(g), 22 C.F.R. §§ 41.106, 42.81(a), were satisfied when Plaintiffs' application were "refused,"

*Karimova*, 2024 WL 3517852, at *4.  Similarly, to the extent that the State Department's collection of fees under 22 C.F.R. § 41.107 creates a duty to complete the corresponding service, the consular officer did so by issuing the refusal decision.

Because Plaintiffs have not identified a duty for Defendants to further adjudicate their refused visa applications, they have no basis on which to claim that that action has been unreasonably delayed.

## IV.    CONCLUSION

For these reasons, the court will GRANT Defendants' Motion to Dismiss, ECF No. 7.  A corresponding order will accompany this Memorandum Opinion.


Date: September 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge